MARY VENTO and Another, as Administrators, etc., of FRANK VENTO, Deceased, Respondents, v. SOUTH BROOKLYN RAILWAY COMPANY, Appellant.— Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. In our opinion, the preponderance of the credible evidence shows that the plaintiffs' intestate was a trespasser within the private railroad yard of the defendant when he was struck by a trolley car and killed, and that the verdict of the jury to the contrary and the finding of negligence on the part of the motorman are against the weight of the evidence. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

MAGDALENE WAWRZONEK, as Administratrix, etc., of LOUIS WAWRZONEK, Deceased, Respondent, v. CENTRAL HUDSON GAS AND ELECTRIC CORPORATION, Appellant.—Action for the wrongful death of plaintiff's intestate by being crushed by a metal conveyor owned by defendant, while decedent, alleged by the complaint to have been in the employ of the Northeastern Utilities Company, and other laborers, were engaged in handling said conveyor upon defendant's premises. Four questions were submitted to the jury and answered as follows: " Q. 1. Did the Central Hudson Gas & Electric Corporation have the right to direct and control Louis Wawrzonek during the working hours of August 14th, 1932? A. Yes. Q. 2. Did the Central Hudson Gas & Electric Corporation hire the said Louis Wawrzonek for the work he was engaged in at the time of his death. A. Unable to agree. Q. 3. Did the Central Hudson Gas & Electric Corporation have the right to discharge the said Louis· Wawrzonek on August 14th, 1932? A. No. Q. 4. Was Louis Wawrzonek in the employ of the Central Hudson Gas & Electric Corporation on August 14th, 1932? A. No." In our opinion, the answers to the third and fourth questions are contrary to the weight of evidence. The record shows that the deceased was hired, controlled and directed by the defendant's foreman who also had the right to discharge him, and that the deceased was engaged in defendant's work under such employment at the time of the accident which caused his death, and that he was not in the employ of the Northeastern Utilities Company as alleged in the complaint. Judgment and order reversed on the law and the facts, with costs, and complaint dismissed, with costs, without prejudice. Lazansky, P. J., Young, Hagarty, Tompkins and Johnston, JJ., concur.